OPINION OF THE COURT
Irving A. Green, J.
In an action brought by the plaintiff to recover damages for claimed breach of a lease agreement made between the plaintiff, as tenant, and the defendant, as landlord, the plaintiff moves for an order to consolidate with this action a summary proceeding brought by the defendant against the plaintiff for nonpayment of two months’ rent. The summary proceeding now is pending in the Justice Court, Town of Clarkstown, New York.
It is not disputed that the lease agreement contains the following express provision: “In the event Tenant has any claim against the Landlord of any nature, relating to this lease or otherwise, Tenant shall enforce the same by a separate proceeding or suit to be commenced by it and Tenant agrees not to interpose any defense or refrain or avoid paying the rent under this lease. Any suit or proceeding commenced by the Landlord for the payment of rent shall not be subject to any offset, defense or counterclaim based on any claim that the Tenant may have.”
The foregoing lease provision is not contrary to public policy. (Steinberg v Carreras, 74 Misc 2d 32, 37.) It stands as a bar to this tenant, plaintiff against asserting and obtaining an adjudication in the summary proceeding for *14 the nonpayment of rent brought by the landlord defendant of the independent counterclaims pleaded by the plaintiff in this action. (Linker v Herard, 13 Misc 2d 445 [App Term, 2d Dept].)
Such bar may not be circumvented by the commencement of this independent, separate action upon such counterclaim as required by the said lease provision, and the consolidation with it of the summary proceeding for nonpayment of rent thereby, in effect, nullifying the pertinent lease provision entered into by the parties.
Accordingly, the motion is denied. The court, however, notes that this determination upon the motion, does not, and is not, intended to reach the defenses to the claim of nonpayment of rent in the summary proceedings which the plaintiff may properly interpose.